IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK WOMBLE, | : | |
|     Petitioner, | : | |
| | : | NO. 5:12-CV-90140 (CAR) |
| VS. | : | NO. 5:05-CR-00078 (CAR) |
| | : | |
| UNITED STATES OF AMERICA , | : | Proceedings Under 28 U.S.C. § 2255 |
|     Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

**RECOMMENDATION**

Before the Court is Petitioner Mark Womble's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255. Doc. 149. Respondent argues that the motion should be dismissed as untimely. Doc. 181. Because the record establishes that Petitioner failed to file his section 2255 motion within the one-year limitations period set forth in 28 U.S.C. § 2255(f), it is hereby **RECOMMENDED** that the motion be **DISMISSED**.

FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2006, Petitioner pleaded guilty to a superseding information charging him with one count of conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(ii), and 18 U.S.C. § 2. Docs. 96, 169. Petitioner also agreed to forfeit various items of property pursuant to 21 U.S.C. § 853. Id. On March 15, 2007, after acknowledging that the applicable sentencing guidelines ranged from 135 to 168 months, the Court sentenced Petitioner to 168 months imprisonment followed by 5 years of supervised release. Doc. 170. Petitioner's retained attorney, Althea Buafo, represented Petitioner at both the change of plea hearing and the sentencing hearing. Docs. 169, 170. The Court entered its original judgment on March 21, 2007. Doc. 136. On March 27, 2007, the Court

1

entered its amended judgment, which revised the original judgment to provide that Petitioner shall forfeit "$100,000 in U.S. Currency" to the United States. Doc. 137.

Petitioner did not file a notice of appeal within ten days after the entry of the Court's amended judgment.[1] Approximately one year later, however, Petitioner, proceeding *pro se*, moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Doc. 141. The Court denied Petitioner's section 3582 motion on April 9, 2008. Doc. 142. On October 20, 2009, Petitioner's attorney died. On February 19, 2010, Petitioner filed a *pro se* notice of appeal from his final judgment of conviction. Doc. 149. In the notice, Petitioner alleged that his attorney did not file a notice of appeal, despite Petitioner directing her to do so, and that her failure to file a notice of appeal constituted ineffective assistance of counsel. Id. The Government moved to dismiss Petitioner's *pro se* notice of appeal as untimely in the Court of Appeals for the Eleventh Circuit.

Reserving judgment on the timeliness of Petitioner's *pro se* notice of appeal, the Eleventh Circuit remanded the case so that this Court could conduct an *in camera* evidentiary hearing concerning Petitioner's eligibility for appointed counsel and the terms of the original agreement between Petitioner and his attorney. Doc. 161. Consistent with the Eleventh Circuit's instructions, the Court conducted an *in camera* evidentiary hearing on November 3, 2010. Doc. 163. The Court made findings of fact and conclusions of law on the record at the end of the hearing for the Eleventh Circuit's consideration. Id.

On December 8, 2011, the Eleventh Circuit granted the Government's motion to dismiss Petitioner's *pro se* notice of appeal from the Court's March 27, 2007, amended judgment as

---

[1] When the Court sentenced Petitioner, the time for filing a notice of appeal expired 10 days after the entry of the judgment being appealed. Fed. R. App. P. 4(b)(1) (2007). A judgment is "entered" when it is entered on the criminal docket. Fed. R. App. P. 4(b)(6). On December 1, 2002, Fed. R. App. P. 26, which details the rules for computing and extending time, was amended to exclude intermediate weekends and legal holidays from the time computation for all pleadings due in less than 11 days. Therefore, at the latest, Petitioner had 10 days, excluding intermediate weekends and legal holidays, to file a notice of appeal after his amended judgment was entered on March 27, 2007.

2

untimely. Doc. 174. The Eleventh Circuit also directed the Court "to construe [Petitioner's] notice of appeal as a motion to vacate his sentence." Id. at 2. On January 13, 2012, the Court notified the parties that, in accordance with the Eleventh Circuit's mandate, the Court would construe Petitioner's notice of appeal as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. 176. The Court warned Petitioner about the "serious consequences" of characterizing the notice of appeal as Petitioner's first section 2255 motion. Id. at 1. The Court also advised Petitioner that "he may either withdraw his 'Notice of Appeal,' or amend his Motion so that it contains any and all section 2255 claims that he believes he may have and that he wishes to present to this Court within a timely Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255." Id. at 2.

Petitioner subsequently filed a motion for leave to amend pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, in which he reiterated his prior claim that his attorney rendered ineffective assistance by failing to file the requested notice of appeal. Doc. 178. The Government responded on August 22, 2012, and Petitioner replied to the Government's response on September 4, 2012. Docs. 181, 182.

## ANALYSIS

Respondent argues that Petitioner's section 2255 motion should be dismissed as untimely because Petitioner failed to file the motion within the one-year limitations period as set forth in 28 U.S.C. § 2255. Because the record establishes that Petitioner failed to file his section 2255 motion within one year after his conviction became final, and because the record establishes that Petitioner failed to file his section 2255 motion within one year after the date on which the facts supporting his ineffective assistance of counsel claim could have been discovered through the exercise of due diligence, the motion must be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2255, as amended on April 24, 1996, a one-year limitations period applies to all motions filed under this section. More specifically, 28 U.S.C. § 2255(f) provides that the one-year limitations period "shall run" from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[Id.]

In this case, Petitioner does not allege that there was any impediment to filing his motion "created by governmental action" or that his motion involved a newly recognized right "made retroactively applicable" by the Supreme Court. As a result, neither 28 U.S.C. § 2255(f)(2) nor 28 U.S.C. § 2255(f)(3) apply here, and the relevant inquiry becomes whether Petitioner filed his section 2255 motion within the one-year limitations period as set forth in 28 U.S.C. § 2255(f)(1) or 28 U.S.C. § 2255(f)(4).

The record establishes that Petitioner did not file his section 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final on April 10, 2007, which is ten days after the entry of the Court's amended judgment and when the time for filing a notice of appeal on the Court's amended judgment expired. See Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011), citing Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). As a result,

4

Petitioner had to file the motion within one year of the date on which his judgment of conviction became final, or no later than April 10, 2008. Giving Petitioner the benefit of the "mailbox rule," it is appropriate to deem his section 2255 motion "filed" on January 27, 2010, the date on which Petitioner delivered the motion to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Even so construed, when Petitioner filed his section 2255 motion on January 27, 2010, the motion was approximately 657 days out of time. Accordingly, Petitioner's section 2255 motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

The record also establishes that Petitioner did not file his section 2255 motion within one year of "the date on which the facts supporting the claim […] presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Generally, "[a] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). Any inquiry concerning timeliness under section 2255(f)(4) should begin "by determining whether the petitioner exercised due diligence[.]" Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). To exercise due diligence, Petitioner need not "undertake repeated exercises in futility or to exhaust every imaginable option, but rather [Petitioner needs] to make reasonable efforts." Id. at 712. Further, "the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." Id. (internal quotation omitted).

Petitioner failed to exercise "due diligence" in his efforts to learn whether his attorney filed the requested appeal. According to Petitioner, he was unaware that his attorney never filed a notice of appeal until Petitioner reviewed a copy of his docket sheet after corresponding with the

clerk's office on February 11, 2010. Petitioner further alleges that shortly after he realized that his attorney did not file the requested appeal, he filed a *pro se* notice of appeal alleging ineffective assistance of counsel, which the Court subsequently construed as Petitioner's first section 2255 motion in accordance with the Eleventh Circuit's mandate.

Nevertheless, Petitioner does not allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." Aron, 291 F.3d at 715, n. 6. Unlike the petitioner in Aron, Petitioner here does not allege that he "'wrote many letters and placed numerous phone calls' to his attorney's office, 'to no avail.'" Id. at 713. Instead, Petitioner vaguely alleges that he sent one letter to his attorney's office some time after his sentencing hearing and that he received a response from his attorney. Critically, however, Petitioner does not offer any reasonably specific facts about the timing of his written correspondence with his attorney or about the content of the response letter Petitioner apparently received from his attorney. Petitioner also offers no explanation whatsoever for his waiting until almost three years after the Court entered its amended judgment before contacting the clerk's office to obtain a copy of his docket sheet.

The record establishes that neither "the conditions of confinement" nor "the reality of the prison system" precluded Petitioner from contacting the clerk's office sooner because approximately one year after the Court entered its amended judgment, Petitioner, proceeding *pro se*, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Id. at 712. Simply stated, Petitioner's conclusory allegations about whether he made "reasonable efforts" to learn if his attorney filed the requested direct appeal during the nearly three years that elapsed after Petitioner's judgment of conviction became final and before Petitioner finally filed his section 2255 motion are vague and unconvincing. Id. Accordingly, Petitioner's section 2255 motion is untimely pursuant to 28 U.S.C. § 2255(f)(4).

CONCLUSION

Because Petitioner failed to timely file his section 2255 motion within one year after his conviction became final, and because Petitioner failed to timely file his section 2255 motion within one year after the date on which the facts supporting his ineffective assistance of counsel claim could have been discovered through the exercise of due diligence, it is hereby **RECOMMENDED** that Petitioner Mark Womble's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 be **DISMISSED**. In addition, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2255(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 17th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge

7